1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| ANDREA GLADSTONE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>AMAZON.COM SERVICES LLC,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Carson Noel PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

Plaintiff Andrea Gladstone ("Plaintiff") brings this action on behalf of herself and all others similarly situated, against Defendant Amazon.com Services LLC ("Amazon" or "Defendant").

## NATURE OF THE ACTION

1.      Capital One Financial Corporation ("Capital One") has integrated a voice biometric security solution provided by Defendant called Amazon Connect Voice ID, to detect and protect against instances of banking fraud.[1]

2.      Amazon's Amazon Connect Voice ID technology is used by numerous entities, including Capital One, to monitor channels for voice-based interactions.

3.      Capital One utilizes Amazon Connect Voice ID to monitor the telephone lines that its customers in California and across the nation call to, among other things, receive support (the "Customer Support Center").

4.      In a matter of seconds, Amazon Connect Voice ID authenticates customers without prompting them to enter passwords or PINs, recite specific phrases or statements.  Rather, Amazon Connect Voice ID uses machine learning to analyze callers' unique voice characteristics including speech rhythm, pitch, and tone, and create a digital voiceprint for each caller.[2]  Amazon Connect Voice ID then uses that digital voiceprint to passively authenticate callers as they speak on the phone with the Customer Support Center.[3]  Amazon Connect Voice ID, in so doing, recognizes speakers and/or their speech, pinpoints identity mismatches, and flags instances in which known fraudsters may be calling the Contract Center, all without requesting or requiring callers' knowing cooperation.[4]

5.      Critically, the Capital One Customer Support Center's implementation of Amazon Connect Voice ID records and examines customers' voiceprints and/or other voice stress patterns to ascertain the truth or falsity of statements that they make.  For example, the Customer Support

---

[1] https://aws.amazon.com/connect/voice-id/

[2] *Id.*

[3] *Id.*

[4] *Id.*

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717  •  Fax: (425) 837-5396

Center utilizes Amazon Connect Voice ID to assess statements made by customers as to establish their identity (*i.e.,* stating that it is they who are the one calling), thus verifying users.

6. Defendant never procured the express consent – written or otherwise – of any person who interacted with Capital One's Customer Support Center, prior to recording and examining Californians' voiceprints and/or other voice stress patterns.

7. Through its use of Amazon Connect Voice ID, therefore, Defendant has failed to comply with multiple provisions of the California Invasion of Privacy Act ("CIPA"), including CIPA §§ 631, 632, and 637.3.

8. Plaintiff brings this action to prevent Defendant from further violating the privacy rights of California residents, and to recover statutory damages for Defendant's having recorded and examined individuals' voiceprints and/or other voice stress patterns without pursuing express written consent, in contravention of CIPA.

## PARTIES

9. Plaintiff Andrea Gladstone is a citizen of California and resident of Los Angeles County, California.  Ms. Gladstone was in California when she called the Customer Support Center.

10. Defendant Amazon.com Services LLC is a Delaware limited liability company with its principal place of business in Seattle, Washington.  Amazon provides a voice biometric security solution called "Amazon Connect Voice ID," which is at issue here and described more fully below.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a class action where there are more than 100 members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one member of the putative Class is a citizen of a state different from Defendant.

12. Defendant is an "unincorporated association" under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and Defendant is therefore "a citizen of the State where it has its

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

1    principal place of business [Washington] and the State under whose laws it is organized

2    [Delaware]."  *See* 28 U.S.C. § 1332(d)(10).

3        13.    This Court has general jurisdiction over Defendant because Defendant's principal

4    place of business is in Washington.

5        14.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is a

6    resident of this District.

7                              **FACTUAL ALLEGATIONS**

8    **I.    The California Invasion of Privacy Act**

9        15.    The California Legislature enacted the Invasion of Privacy Act to protect certain

10   privacy rights of California citizens.  The legislature expressly recognized that "the development of

11   new devices and techniques for the purpose of eavesdropping upon private communications … has

12   created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free

13   and civilized society."  Cal. Penal Code § 630.

14       16.    The California Supreme Court has repeatedly stated the "express objective" of

15   CIPA is to "protect a person placing or receiving a call from a situation where the person on the

16   other end of the line *permits an outsider to tap his telephone or listen in on the call.*"  *Ribas v.*

17   *Clark*, 38 Cal. 3d 355, 364 (1985) (emphasis added); *see also Smith v. LoanMe, Inc.*, 11 Cal. 5th

18   183, 200 (2021) (explaining that "a substantial distinction has been recognized between the

19   secondhand repetition of the contents of a conversation and *its simultaneous dissemination to an*

20   *unannounced second auditor*, whether that auditor be a person or mechanical device.").

21       17.    As part of CIPA, the California Legislature introduced § 631(a), which prohibits any

22   person or entity from (i) "intentionally tap[ping], or mak[ing] any unauthorized connection … with

23   any telegraph or telephone wire," (ii) "willfully and without the consent of all parties to the

24   communication … read[ing], or attempt[ing] to read, or to learn the contents or meaning of any …

25   communication while the same is in transit or passing over any wire, line, or cable, or is being sent

26   from, or received at any place within [California]," or (iii) "us[ing], or attempt[ing] to use … any

27

28

---

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

1     information so obtained."  CIPA § 631(a) also penalizes those who "aids, agrees with, employs, or

2     conspires with any person" who conducts the aforementioned wiretapping.

3          18.     The California Legislature also enacted CIPA § 632(a), which prohibits any person

4     or entity from "intentionally and without the consent of all parties to a confidential communication,

5     us[ing] an electronic amplifying or recording device to eavesdrop upon or record [a] confidential

6     communication."

7          19.     Finally, the California Legislature enacted CIPA § 637.3, which prohibits any

8     person or entity from using "any system which examines or records in any manner voiceprints or

9     other voice stress patterns or another to determine the truth or falsity of statements made by such

10     other person without his or her express written consent given in advance of the examination or

11     recordation."

12          20.     Individuals may bring an action against the violator of CIPA §§ 631 and 632 for

13     $5,000 per violation.  Cal. Penal Code § 637.3.  Furthermore, an individual may recover for actual

14     damages or $1,000, whichever is greater.  Cal. Penal Code §637.3(c).

15     **II.        Defendant Violates the California Invasion of Privacy Act**

16          21.     Amazon Connect Voice ID is a tool that "uses machine learning to provide"[5]

17     "agents and self-service interactive voice response (IVR) systems"[6] with "real-time caller

18     authentication and fraud risk detection."[7]

19          22.     Amazon Connect Voice ID first "passively enroll[s] customers for voice

20     authentication without requiring them to repeat a particular word or phrase"[8] by "captur[ing] 30

21     seconds of customer speech [] and creat[ing] [an] enrollment voiceprint."[9]  "A voiceprint is a

22

23

24     [5] https://aws.amazon.com/connect/voice-id/

25     [6] https://aws.amazon.com/connect/features/

26     [7] https://aws.amazon.com/connect/voice-id/

       [8] https://docs.aws.amazon.com/connect/latest/adminguide/voice-id.html

27     [9] https://catalog.us-east-1.prod.workshops.aws/workshops/ed3fc8e1-cb23-4bce-b2f3-

28     a2bfeaa3aa7d/en-US/1enabling-amazon-connect-voice-id/how-amazon-connect-voice-id-works

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

**Carson Noel PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

mathematical representation that implicitly captures certain unique aspects of an individual's voice such as speech rhythm, pitch, intonation, and loudness."[10]

23.    The next time a customer calls, the IVR or an agent will use Amazon Connect Voice ID during the interaction to "generate the caller's voiceprint and compare[] it with the enrolled voiceprint corresponding to the claimed identity."[11]  Amazon Connect Voice ID also "screens for fraudulent actors in real time, based on [a] contact center's custom watchlist."[12]  "Amazon Connect Voice ID then generates an authentication score between 0 and 100 that indicates the confidence of match."[13]

24.    Amazon purports that it takes Amazon Connect Voice ID "between 5 and 10 seconds [] to authenticate" users.[14]  Authentication is completed "as part of a typical customer interaction in the IVR or with the agent (such as 'what's your first and last name?' and 'what are you calling about?'),"[15] and without callers' knowledge or consent to Amazon's inclusion in their conversations.

25.    When Amazon Connect Voice ID is used on a telephone conversation, it is not like a tape recorder, or a "tool" used by one party to record the other.  Instead, Amazon Connect Voice ID involves Amazon – a separate and distinct third-party entity from the parties to the conversation – using Amazon Connect Voice ID to eavesdrop upon, record, extra data from, and analyze a conversation to which they are not a party.  This is so because Amazon itself is collecting the voiceprints and content of any conversation.  That data is then analyzed by Amazon before being provided to any entity that was a party to the conversation (like Capital One).

---

[10] *Id.*

[11] *Id.*

[12] https://docs.aws.amazon.com/connect/latest/adminguide/voice-id.html

[13] https://catalog.us-east-1.prod.workshops.aws/workshops/ed3fc8e1-cb23-4bce-b2f3-a2bfeaa3aa7d/en-US/1enabling-amazon-connect-voice-id/how-amazon-connect-voice-id-works

[14] https://aws.amazon.com/blogs/aws/three-new-capabilities-for-amazon-connect/

[15] https://catalog.us-east-1.prod.workshops.aws/workshops/ed3fc8e1-cb23-4bce-b2f3-a2bfeaa3aa7d/en-US/1enabling-amazon-connect-voice-id/how-amazon-connect-voice-id-works#enrollment-and-authentication

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

26.     Amazon Connect Voice ID is used by Amazon on calls between Capital One and consumers to ascertain the truth or falsity of statements that consumers make during their telephone conversations with Capital One's customer support center.  For example, Amazon Connect assesses consumers' assertations regarding their respective identities (*i.e.,* stating that it is they who are the one calling), as a means of authenticating users.

27.     By using Amazon Connect Voice ID, Amazon, by virtue of collecting a consumer's voiceprint, also collects the content of any conversations between Capital One and consumers. Amazon is required to collect and analyze consumers' answers to Capital One's questions to verify who those consumers are and the sentiment of consumers.

28.     During consumers' calls with Capital One's support center, Capital One fails to inform consumers, prior to any recording: (i) that third party, Amazon, is listening in on consumers' confidential communications with Capital One, (ii) that third party, Amazon, is tapping or otherwise making an unauthorized connection with the consumer's telephone conversation using Amazon Connect Voice ID, (iii) that the content of consumers' confidential communications with Capital One are being recorded, collected, intercepted, and analyzed by third party, Amazon, using Amazon Connect Voice ID, and (iv) that consumers' voiceprints and/or other voice stress patterns will be recorded or examined by third party, Amazon, using Amazon Connect Voice ID.

29.     Capital One, likewise, fails to pursue or obtain consent – written or otherwise – from Customer Support Center callers, prior to allowing Amazon to record, examine, intercept, collect, and analyze consumer's voiceprints and/or other voice stress patterns and the content of their confidential conversations with Capital One.

30.     Therefore, Defendant's conduct violates the rights of consumers set forth by CIPA §§ 631, 632, and 637.3.

**III.     Plaintiff Gladstone's Experience**

31.     Plaintiff Gladstone is a customer of Capital One.

32.     Plaintiff Gladstone placed several calls to Capital One's Customer Support Center within the past year.

---

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717  •  Fax: (425) 837-5396

33.     Plaintiff Gladstone was in California when she made calls to Capital One's Customer Support Center.  Accordingly, Plaintiff Gladstone's calls were intercepted by Amazon, as described below, while the calls were "being sent from … any place within [California]."  Cal. Penal Code § 631(a).

34.     Plaintiff Gladstone reasonably expected her conversations with Capital One to be confidential and only between Plaintiff Gladstone and Capital One (and any entities that Capital One directed her inquiry too).  These conversations were with a banking entity, which naturally involves the discussion of confidential information, and Plaintiff Gladstone spoke to Capital One on her personal telephone and not in the direct presence of others.

35.     During one call with Capital One in or about October 2022, Plaintiff Gladstone called the Capital One main customer service line to inquire as to how to transfer funds from one account to another and to obtain a trust certification form.

36.     In another call around October 2022, Plaintiff Gladstone contacted Capital One's support center using the phone number on the back of her Visa credit card issued by Capital One to initiate a partial refund using her travel insurance, for a trip she was unable to take because of an injury.

37.     In another call approximately a year ago, Plaintiff Gladstone called Capital One's main customer service line to inquire about an electronic transfer.

38.     During the calls with Capital One, Plaintiff Gladstone was asked to make various "yes" or "no" statements to respond to questions Capital One asked her, or to otherwise provide additional information to Capital One.

39.     Unbeknownst to her, when Plaintiff Gladstone called Capital One's customer support center, her telephone was tapped by Amazon using Amazon Connect's voice biometric security solution.

40.     Likewise, when Plaintiff Gladstone gave her response to Capital One's questions, Plaintiff Gladstone's voiceprint and/or other voice stress patterns, as well as the content of Plaintiff Gladstone's confidential communications with Capital One, were intercepted in-transit and

captured, recorded, collected, read, analyzed, and stored by Amazon using Amazon Connect's voice biometric security solution.

41.    When Plaintiff Gladstone called Capital One's Customer support center, Defendant examined her voice, as well as voiceprint(s) that it had previously stored, to determine the truth or falsity of Plaintiff Gladstone's statements.

42.    For instance, Defendant examined the truth or falsity of Plaintiff's assertions that it was, in fact, her, Andrea Gladstone, who was calling the Customer Support Center, as Defendant sought to verify Plaintiff Gladstone's identity.

43.    Capital One did not procure Plaintiff Gladstone's consent, prior to Amazon recording her voiceprint and examining her voice, nor prior to Amazon tapping Plaintiff Gladstone's phone or wiretapping her confidential communications with Capital One.

44.    Plaintiff Gladstone did not give her consent, written or otherwise, to Capital One to have Amazon collect her voiceprint, to examine or analyze her voice for any purpose whatsoever, nor did Plaintiff Gladstone give her consent, written or otherwise, to Defendant to allow Amazon to wiretap her confidential communications with Capital One.

45.    Plaintiff Gladstone has, therefore, had her privacy severely invaded and exposed to the risks and harmful conditions created by Defendant's violations of CIPA alleged herein.

## CLASS ALLEGATIONS

46.    Plaintiff seeks to represent a class defined as all residents of the State of California who had their voiceprints or other elements of their conversations recorded by Amazon using Amazon Connect Voice ID (the "Class").

47.    Plaintiff also seeks to represent a subclass defined as all residents of the State of California who had their voiceprints or other elements of their conversations with Capital One recorded by Amazon using Amazon Connect Voice ID (the "Subclass").

48.    The Class and Subclass shall be collectively referred to as the "Classes."

49.    The following people are excluded from the Classes: (1) any Judge presiding over this action and members of the Judge's family; (2) Defendant, Defendant's subsidiaries, parents,

---

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

1  successors, predecessors, and any entity in which Defendant or its parents have a controlling

2  interest (including current and former employees, officers, or directors); (3) persons who properly

3  execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this

4  matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and

5  Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such

6  excluded persons.

7        50.    **Numerosity:** The number of persons within the Classes are substantial and believed

8  to amount to thousands, if not millions of persons.  It is, therefore, impractical to join each member

9  of the Classes as a named plaintiff.  Further, the size and relatively modest value of the claims of

10  the individual members of the Classes renders joinder impractical.  Accordingly, utilization of the

11  class action mechanism is the most economically feasible means of determining and adjudicating

12  the merits of this litigation.  Moreover, the Classes are ascertainable and identifiable from

13  Defendant's records.

14        51.    **Commonality and Predominance:**  There are well-defined common questions of

15  fact and law that exist as to all members of the Classes and that predominate over any questions

16  affecting only individual members of the Classes.  These common legal and factual questions,

17  which do not vary between members of the Classes, and which may be determined without

18  reference to the individual circumstances of any Class members, include, but are not limited to, the

19  following:

20            (a)    Whether Defendant violated CIPA §§ 631, 632, and

21                     637.3;

22            (b)    Whether Defendant sought or obtained prior express

23                     consent—written or otherwise—from Plaintiff and the
                      Class; and

24            (c)    Whether Plaintiff and members of the Classes are

25                     entitled to actual and/or statutory damages for the
                      aforementioned violations.

26        52.    **Typicality:**  The claims of the named Plaintiff are typical of the claims of the

27  Classes because the named Plaintiff, like all other members of the Classes, called Capital One's

28

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

Customer Support Center and had her voiceprint and/or voice stress patterns, as well as the content of her confidential communications with Capital One recorded, stored, collected, read, analyzed, and/or examined by Amazon.

53.     **Adequate Representation:**  Plaintiff is an adequate representative of the Classes because her interests do not conflict with the interest of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interest of members of the Classes will be fairly and adequately protected by Plaintiff and her counsel.

54.     **Superiority:**  The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of members of the Classes.  Each individual member of the Classes may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**CAUSES OF ACTION**

**COUNT I**
**Violation of the California Invasion of Privacy Act,**
**Cal. Penal Code § 631(a)**

55.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

56.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

---

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

57.     CIPA § 631(a) imposes liability for "distinct and mutually independent patterns of conduct." *Tavernetti v. Superior Ct.,* 22 Cal. 3d 187, 192 (1978).

58.     To establish liability under CIPA § 631(a), a plaintiff need only establish that the defendant, "by means of any machine, instrument, contrivance, or in any other manner," does any of the following:

> Intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system,
>
> *Or*
>
> Willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within this state,
>
> *Or*
>
> Uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained,
>
> *Or*
>
> Aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section.

59.     Amazon's Amazon Connect Voice ID product is a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct at issue here.

60.     Amazon is a "separate legal entity that offers 'software-as-a-service' and not merely a passive device." *Saleh v. Nike, Inc.,* 562 F. Supp. 3d 503, 520 (C.D. Cal. 2021). Accordingly, Amazon was a third party to any communication between Plaintiff and members of the Classes, on the one hand, and any entity Plaintiff and members of the Classes were communicating with, such as Capital One, on the other. *Id.* at 521; *see also Javier v. Assurance IQ, LLC,* 2023 WL 114225, at *6 (N.D. Cal. Jan. 5, 2023).

---

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

**Carson Noel PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

61.    At all relevant times, by using Amazon Connect Voice ID, Amazon intentionally tapped, electrically or otherwise, the lines of telephone communication between Plaintiff and Class Members, on the one hand, and the entities with whom Plaintiff and Class Members were communicating, on the other hand.

62.    At all relevant times, by using Amazon Connect Voice ID, Amazon willfully and without the consent of all parties to the communication, or in any unauthorized manner, read or attempted to read or learn the contents or meaning of electronic communications of Plaintiff and members of the Classes, while the electronic communications were in transit or passing over any wire, line or cable or were being sent from or received at any place within California.

63.    At all relevant times, by using Amazon Connect Voice ID, Amazon used the content of Plaintiff's and members of the Classes' communications to analyze Plaintiff's and members of the Classes' voices for identification and emotion, and that content was illegally obtained in violation of the other, aforementioned prongs of CIPA § 631(a).

64.    Plaintiff and members of the Classes did not consent to any of Defendant's actions discussed above.  Nor have Plaintiff or members of the Classes consented to Defendant's intentional access, interception, reading, learning, recording, collection, and analysis of Plaintiff and members of the Classes' communications.

65.    The violation of CIPA § 631(a) constitutes an invasion of privacy sufficient to confer Article III standing.

66.    Pursuant to Cal. Penal Code § 637.2, Plaintiff and Members of the Classes have been injured by the violations of CIPA § 631(a), and each seeks statutory damages of $5,000 for each of Amazon's violations of CIPA § 631(a).

## COUNT II
### Violation of the California Invasion of Privacy Act,
### Cal. Penal Code § 632

67.    Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

---

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

**Carson Noel PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

68.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

69.     CIPA § 632(a) prohibits an entity from:

> [I]ntentionally and without the consent of all parties to a confidential communication, use[] an electronic amplifying or recording device to eavesdrop upon or record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio.

70.     Amazon's Amazon Connect Voice ID product is an "electronic amplifying or recording device."

71.     At all relevant times, the communications between Plaintiff and the Classes, on the one hand, and Capital One, on the other, were confidential.

72.     At all relevant times, Amazon intentionally used Amazon Connect Voice ID to eavesdrop upon and record the confidential communications of Plaintiff and Members of the Classes, on the one hand, and Capital One, on the other.

73.     When communicating with Capital One, Plaintiff and Members of the Classes had an objectively reasonable expectation of privacy.  Plaintiff and the Classes did not reasonably expect that anyone other than Capital One would be on the line, and that a third-party entity, Amazon, would intentionally use an electronic amplifying or recording device to eavesdrop upon and record the confidential communications of Plaintiff and Classes.

74.     Plaintiff and members of the Classes did not consent to any of Amazon's actions. Nor have Plaintiff or members of the Classes consented to Amazon's intentional use of an electronic amplifying or recording device to eavesdrop upon and record their confidential communications.

75.     The violation of CIPA § 632(a) constitutes an invasion of privacy sufficient to confer Article III standing.

76.      Pursuant to Cal. Penal Code § 637.2, Plaintiff and members of the Classes have been injured by the violations of CIPA § 632(a), and each seeks statutory damages of $5,000 for each of Amazon's violations of CIPA § 632(a).

## COUNT III
### Violation of the California Invasion of Privacy Act,
### Cal. Penal Code § 637.3

77.      Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

78.      Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

79.      CIPA § 637.3 prohibits any person or entity in the State of California from using "any system which examines or records in any manner voiceprints or other voice stress patterns of another person to determine the truth or falsity of statements made by such other person without his or her express written consent given in advance of the examination or recordation."

80.      Amazon's Amazon Connect Voice ID voice biometric security solution is a "system which examines or records in any manner voiceprints or other voice stress patterns" because it records and examines voiceprints and/or other voice stress patterns, including those of the Plaintiff and the Classes.

81.      Amazon used the Amazon Connect voice biometric security solution, as enabled by Capital One or other entities with whom Plaintiff and the Classes were communicating, to record and examine the voiceprints and/or other voice stress patterns of Plaintiff and the Classes when they called the Capital One Customer Support Center.

82.      Amazon, through Amazon Connect Voice ID, recorded and examined Plaintiff's and the Classes' voiceprints to determine the truth or falsity of their statements – including, for example, their statement about who they claimed to be.

83.      Defendant did not obtain prior express written consent from Plaintiff and the Classes to use, examine, or record their voiceprints and/or other voice stress patterns for any purpose whatsoever.

---

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

84.    The violation of CIPA § 637.3 constitutes an invasion of privacy sufficient to confer Article III standing.

85.    Plaintiff and members of the Classes seek statutory damages of $1,000 for Defendant's violation of CIPA § 637.3.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendant:

(a)    For an order certifying the Classes under Fed. R. Civ. P. 23, naming Plaintiff as the representative of the Classes, and naming Plaintiff's attorneys as Class Counsel to represent the Classes;

(b)    For an order declaring that Defendant's conduct violates the statutes referenced herein;

(c)    For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(d)    For statutory damages of $5,000 for each violation of CIPA §§ 631(a) and 632(a), and $1,000 for each violation of CIPA § 637.3;

(e)    For pre-and post-judgment interest on all amounts awarded;

(f)    For an order of restitution and all other forms of equitable monetary relief; and

(g)    For an order awarding Plaintiff and the Classes their reasonable attorney's fees and expenses and costs of suit.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues so triable.

Dated: March 31, 2023                    Respectfully submitted,

**CARSON NOEL PLLC**

By: */s/ Wright A. Noel*
       Wright A. Noel

Wright A. Noel (WSBA #25264)
20 Sixth Avenue NE
Issaquah, WA 98027
Telephone: (425) 837.4717
Email: wright@carsonnoel.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (*pro hac vice* app. forthcoming)
Max S. Roberts (*pro hac vice* app. forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-mail: jmarchese@bursor.com
            mroberts@bursor.com

**BURSOR & FISHER, P.A**.
Neal J. Deckant (*pro hac vice* app. forthcoming)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com

*Attorneys for Plaintiff*

---

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED