THE HONORABLE TANA LIN

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| ANDREA GLADSTONE, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>    v.<br><br>AMAZON.COM SERVICES LLC,<br><br>                      Defendant. | Case No.: 2:23-cv-00491-TL<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

**Carson Noel PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

Plaintiff Andrea Gladstone ("Plaintiff") brings this action on behalf of herself and all others similarly situated, against Defendant Amazon.com Services LLC ("Amazon" or "Defendant").

**NATURE OF THE ACTION**

1. Capital One Financial Corporation ("Capital One") has integrated a voice biometric security solution provided by Defendant called Amazon Connect. Amazon Connect is a "machine-learning powered contact center service" for use in customer service departments, among others.[1] Amazon Connect provides a multitude of features like conversational analytics[2] and confirmation of a customer's voice identity by "voice biometrics" where "a computer recognizes [the caller's] voice" without having the caller answer security questions.[3] Amazon Connect "us[es] the power of machine learning…[to] provide built-in capabilities"[4] that help service agents assisting callers "provide personalized service," the ability to "track and manage customer issues,"[5] and "automatically search across connected repositories based on phrases and questions [] customers ask."[6]

2. Amazon's Amazon Connect technology is used by numerous entities, including Capital One, to monitor channels for voice-based interactions.[7] Amazon Connect enables entities to capture customer audio during an interaction with the entity's contact center by sending the

---

[1] https://amer.resources.awscloud.com/contact-center/aws-amazon-connect-voiceid (last accessed June 12, 2023)

[2] https://aws.amazon.com/connect/contact-lens/ (last accessed June 12, 2023)

[3] https://amer.resources.awscloud.com/contact-center/aws-amazon-connect-voiceid (last accessed June 12, 2023)

[4] https://amer.resources.awscloud.com/contact-center/aws-connect-machine-learning (last accessed June 13, 2023)

[5] https://aws.amazon.com/connect/ (last accessed June 13, 2023)

[6] https://amer.resources.awscloud.com/contact-center/aws-connect-machine-learning (last accessed June 12, 2023)

[7] https://aws.amazon.com/solutions/case-studies/capital-one-amazon-connect/; https://aws.amazon.com/connect/features/ (last accessed June 12, 2023)

FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

1

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

audio to another feature of Amazon Connect, called Kinesis, which captures and transcribes audio data.[8]

3. Amazon Connect can be integrated with other services and features based on an entity's needs and goals.[9] For instance, Contact Lens, another such feature, uses machine learning to "capture and analyze the sentiment of words being spoken by the customer," and it "provides conversational analytics at an individual contact level, including transcripts, agent and customer sentiment, contact categories, non-talk time, response time, and other conversation characteristics."[10] When the Contact Lens feature is enabled, customer calls are recorded and evaluation forms of the call are automatically populated, which analyze the captured sentiment of the customer's words and generate a score of "negative" or "positive."[11]

4. Capital One uses Amazon Connect in its banking and fraud operations.[12] For its bank contact center channels, Capital One utilizes Amazon Connect to "help[] capture customer intent and provide a[]…personalized customer experience."[13]

5. Capital One utilizes Amazon Connect to manage, and thus monitor, the telephone lines that its banking customers in California and across the nation call to, among other things, receive support (the "Customer Support Center").[14]

6. The Capital One Customer Support Center's implementation of Amazon Connect records and examines customers' voiceprints and/or other voice patterns to understand sentiment and conversation characteristics[15] as part of its banking and fraud operations to ascertain the truth

---

[8] https://docs.aws.amazon.com/connect/latest/adminguide/customer-voice-streams.html (last accessed June 12, 2023); https://docs.aws.amazon.com/connect/latest/adminguide/access-media-stream-data.html (last accessed June 12, 2023)

[9] https://aws.amazon.com/connect/features/ (last accessed June 13, 2023)

[10] https://aws.amazon.com/connect/contact-lens/ (last accessed June 12, 2023)

[11] https://aws.amazon.com/connect/contact-lens/ (last accessed June 13, 2023)

[12] https://aws.amazon.com/solutions/case-studies/capital-one-amazon-connect/ (last accessed June 12, 2023)

[13] *Id.*

[14] *Id.*

[15] https://aws.amazon.com/connect/contact-lens/ (last accessed June 12, 2023)

FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

2

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

of the statements they make.[16]   For example, the Customer Support Center utilizes Amazon Connect conversational analytic features to capture and assess statements made by customers to verify their identity and otherwise understand their intent.[17]

7.     Defendant never procured the express consent – written or otherwise – of any person who interacted with Capital One's Customer Support Center, prior to recording and examining Californians' voiceprints and/or other voice patterns and sentiment.

8.     Through its use of Amazon Connect's conversational analytic feature, therefore, Defendant has failed to comply with multiple provisions of the California Invasion of Privacy Act ("CIPA"), including CIPA §§ 631 and 632.

9.     Plaintiff brings this action to prevent Defendant from further violating the privacy rights of California residents, and to recover statutory damages for Defendant's having recorded and examined individuals' voiceprints and/or other voice stress patterns without pursuing express written consent, in contravention of CIPA.

**PARTIES**

10.    Plaintiff Andrea Gladstone is a citizen of California and resident of Los Angeles County, California.  Ms. Gladstone was in California when she called the Customer Support Center.

11.    Defendant Amazon.com Services LLC is a Delaware limited liability company with its principal place of business in Seattle, Washington.  Amazon provides a contact center service called "Amazon Connect" with features that record and analyze callers' voice and conversations, which is at issue here and described more fully below.

**JURISDICTION AND VENUE**

12.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a class action where there are more than 100 members and the aggregate

---

[16] https://aws.amazon.com/solutions/case-studies/capital-one-amazon-connect/ (last accessed June 12, 2023)

[17] *Id*.

FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

3

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

1   amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one

2   member of the putative Class is a citizen of a state different from Defendant.

3           13.   Defendant is an "unincorporated association" under the Class Action Fairness Act

4   ("CAFA"), 28 U.S.C. § 1332(d), and Defendant is therefore "a citizen of the State where it has its

5   principal place of business [Washington] and the State under whose laws it is organized

6   [Delaware]." *See* 28 U.S.C. § 1332(d)(10).

7           14.   This Court has general jurisdiction over Defendant because Defendant's principal

8   place of business is in Washington.

9           15.   Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is a

10  resident of this District.

## FACTUAL ALLEGATIONS

**I.     The California Invasion of Privacy Act**

13          16.   The California Legislature enacted the Invasion of Privacy Act to protect certain

14  privacy rights of California citizens.  The legislature expressly recognized that "the development of

15  new devices and techniques for the purpose of eavesdropping upon private communications … has

16  created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free

17  and civilized society."  Cal. Penal Code § 630.

18          17.   The California Supreme Court has repeatedly stated the "express objective" of

19  CIPA is to "protect a person placing or receiving a call from a situation where the person on the

20  other end of the line *permits an outsider to tap his telephone or listen in on the call*."  *Ribas v.*

21  *Clark*, 38 Cal. 3d 355, 364 (1985) (emphasis added); *see also Smith v. LoanMe, Inc.*, 11 Cal. 5th

22  183, 200 (2021) (explaining that "a substantial distinction has been recognized between the

23  secondhand repetition of the contents of a conversation and *its simultaneous dissemination to an*

24  *unannounced second auditor*, whether that auditor be a person or mechanical device.").

25          18.   As part of CIPA, the California Legislature introduced § 631(a), which prohibits any

26  person or entity from (i) "intentionally tap[ping], or mak[ing] any unauthorized connection … with

27  any telegraph or telephone wire," (ii) "willfully and without the consent of all parties to the

28  communication … read[ing], or attempt[ing] to read, or to learn the contents or meaning of any …

FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

4

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within [California]," or (iii) "us[ing], or attempt[ing] to use … any information so obtained."  CIPA § 631(a) also penalizes those who "aids, agrees with, employs, or conspires with any person" who conducts the aforementioned wiretapping.

19.     The California Legislature also enacted CIPA § 632(a), which prohibits any person or entity from "intentionally and without the consent of all parties to a confidential communication, us[ing] an electronic amplifying or recording device to eavesdrop upon or record [a] confidential communication."

20.     Individuals may bring an action against the violator of CIPA §§ 631 and 632 for $5,000 per violation.  Cal. Penal Code § 637.3.

**II.     Defendant Violates the California Invasion of Privacy Act**

21.     A number of features of Amazon Connect, such as Kinesis and Contact Lens, use machine learning to "provide[] a set of conversational analytics and quality management capabilities…that helps [entities] understand and classify the sentiment, trends, and compliance" of conversations[18] during calls.

22.     The call analytics can be used to "automatically categorize contacts based on uttered keywords and phrases," "investigate customer sentiment," "search call and chat transcripts," "monitor agent performance in real-time," and "define and assess" agent adherence to required scripts.[19]

23.     When Contact Lens is enabled, entities are able to search the analyzed and transcribed recordings based on the speaker, any keywords, sentiment score, non-talk time for calls, and response time for chats.[20]  Contact Lens analyzes the sentiment of each speaker in a conversation as positive, negative or neutral.[21]  To assign a sentiment score, two factors are

---

[18] https://aws.amazon.com/connect/contact-lens/ (last accessed June 12, 2023)

[19] https://docs.aws.amazon.com/connect/latest/adminguide/contact-lens.html (last accessed June 12, 2023)

[20] https://docs.aws.amazon.com/connect/latest/adminguide/search-conversations.html (last accessed June 12, 2023)

[21] https://docs.aws.amazon.com/connect/latest/adminguide/sentiment-scores.html (last accessed June 23, 2023)

FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

5

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

considered: the number of times the sentiment is positive, negative or neutral, and the consecutive turns with the same sentiment.[22]

24.     When Amazon Connect is used on a telephone conversation, it is not like a tape recorder, or a "tool" used by one party to record the other.  Instead, Amazon Connect involves Amazon – a separate and distinct third-party entity from the parties to the conversation – using Amazon Connect to eavesdrop upon, record, extract data from, and analyze a conversation to which they are not a party.  This is so because Amazon itself is collecting the voiceprints and content of any conversation.  That data is then analyzed by Amazon before being provided to any entity that was a party to the conversation (like Capital One).

25.     Amazon Connect is used on calls between Capital One and consumers to ascertain the truth or falsity, and intent of statements made by consumers during their telephone conversations with Capital One's customer support center.  For example, Amazon Connect analyzes consumers' assertions, sentiment, and conversation characteristics.

26.     By using Amazon Connect features, Amazon, also collects the content of any conversations between Capital One and consumers.  Amazon is required to collect and analyze consumers' conversations with Capital One .

27.     During consumers' calls with Capital One's support center, Capital One fails to inform consumers, prior to any recording: (i) that third party, Amazon, is listening in on consumers' confidential communications with Capital One, (ii) that third party, Amazon, is tapping or otherwise making an unauthorized connection with the consumer's telephone conversation using Amazon Connect, (iii) that the content of consumers' confidential communications with Capital One are being recorded, collected, intercepted, and analyzed by third party, Amazon, using Amazon Connect Contact Lens and/or similar feature(s),, and (iv) that consumers' voiceprints and/or other voice stress patterns will be recorded or examined by third party, Amazon, using Amazon Connect.

---

[22] *Id*.

FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

6

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

28. Capital One, likewise, fails to pursue or obtain consent – written or otherwise – from Customer Support Center callers, prior to allowing Amazon to record, examine, intercept, collect, and analyze consumer's voiceprints and/or other voice stress patterns and the content of their confidential conversations with Capital One.

29. Therefore, Defendant's conduct violates the rights of consumers set forth by CIPA §§ 631 and 632.

**III.    Plaintiff Gladstone's Experience**

30. Plaintiff Gladstone is a customer of Capital One.

31. Plaintiff Gladstone placed several calls to Capital One's Customer Support Center within the past year.

32. Plaintiff Gladstone was in California when she made calls to Capital One's Customer Support Center.  Accordingly, Plaintiff Gladstone's calls were intercepted by Amazon, as described below, while the calls were "being sent from … any place within [California]."  Cal. Penal Code § 631(a).

33. Plaintiff Gladstone reasonably expected her conversations with Capital One to be confidential and only between Plaintiff Gladstone and Capital One (and any entities that Capital One directed her inquiry too).  These conversations were with a banking entity, which naturally involves the discussion of confidential information, and Plaintiff Gladstone spoke to Capital One on her personal telephone and not in the direct presence of others.

34. During one call with Capital One in or about October 2022, Plaintiff Gladstone called the Capital One main customer service line to inquire as to how to transfer funds from one account to another and to obtain a trust certification form.

35. In another call around October 2022, Plaintiff Gladstone contacted Capital One's support center using the phone number on the back of her Visa credit card issued by Capital One to initiate a partial refund using her travel insurance, for a trip she was unable to take because of an injury.

36. In another call approximately a year ago, Plaintiff Gladstone called Capital One's main customer service line to inquire about an electronic transfer.

FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

7

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

37. During the calls with Capital One, Plaintiff Gladstone was asked to make various "yes" or "no" statements to respond to questions Capital One asked her, or to otherwise provide additional information to Capital One.

38. Unbeknownst to her, when Plaintiff Gladstone called Capital One's customer support center, her telephone was tapped by Amazon using Amazon Connect's conversation analytics and quality management capabilities.

39. Likewise, when Plaintiff Gladstone gave her response to Capital One's questions, Plaintiff Gladstone's voiceprint and/or other voice stress patterns, as well as the content of Plaintiff Gladstone's confidential communications with Capital One, were intercepted in-transit and captured, recorded, collected, read, analyzed, and stored by Amazon using Amazon Connect's conversation analytics feature(s).

40. When Plaintiff Gladstone called Capital One's Customer support center, Defendant examined her voice, as well as voiceprint(s) that it had previously stored, to capture and analyze her assertions, sentiments, and conversation characteristics.

41. For instance, Defendant examined the words and tone Plaintiff used during her calls to the Customer Support Center as Defendant sought to analyze and evaluate Plaintiff Gladstone's intent and feedback.

42. Capital One did not procure Plaintiff Gladstone's consent, prior to Amazon recording her voiceprint and examining her voice, nor prior to Amazon tapping Plaintiff Gladstone's phone or wiretapping her confidential communications with Capital One.

43. Plaintiff Gladstone did not give her consent, written or otherwise, to Capital One to have Amazon collect her voiceprint, to examine or analyze her voice for any purpose whatsoever, nor did Plaintiff Gladstone give her consent, written or otherwise, to Defendant to allow Amazon to wiretap her confidential communications with Capital One.

44. Plaintiff Gladstone has, therefore, had her privacy severely invaded and exposed to the risks and harmful conditions created by Defendant's violations of CIPA alleged herein.

FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

8

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

## CLASS ALLEGATIONS

45. Plaintiff seeks to represent a class defined as all residents of the State of California who had their voiceprints or other elements of their conversations recorded by Amazon using Amazon Connect and its applicable features (the "Class").

46. Plaintiff also seeks to represent a subclass defined as all residents of the State of California who had their voiceprints or other elements of their conversations with Capital One recorded by Amazon using Amazon Connect and its applicable features (the "Subclass").

47. The Class and Subclass shall be collectively referred to as the "Classes."

48. The following people are excluded from the Classes: (1) any Judge presiding over this action and members of the Judge's family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest (including current and former employees, officers, or directors); (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

49. **Numerosity:** The number of persons within the Classes are substantial and believed to amount to thousands, if not millions of persons. It is, therefore, impractical to join each member of the Classes as a named plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Classes renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Classes are ascertainable and identifiable from Defendant's records.

50. **Commonality and Predominance:** There are well-defined common questions of fact and law that exist as to all members of the Classes and that predominate over any questions affecting only individual members of the Classes. These common legal and factual questions, which do not vary between members of the Classes, and which may be determined without

FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

9

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

reference to the individual circumstances of any Class members, include, but are not limited to, the following:

> (a) Whether Defendant violated CIPA §§ 631 and 632;
>
> (b) Whether Defendant sought or obtained prior express consent—written or otherwise—from Plaintiff and the Class; and
>
> (c) Whether Plaintiff and members of the Classes are entitled to actual and/or statutory damages for the aforementioned violations.

51. **Typicality:** The claims of the named Plaintiff are typical of the claims of the Classes because the named Plaintiff, like all other members of the Classes, called Capital One's Customer Support Center and had her voiceprint and/or voice stress patterns, as well as the content of her confidential communications with Capital One recorded, stored, collected, read, analyzed, and/or examined by Amazon.

52. **Adequate Representation:** Plaintiff is an adequate representative of the Classes because her interests do not conflict with the interest of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interest of members of the Classes will be fairly and adequately protected by Plaintiff and her counsel.

53. **Superiority:** The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of members of the Classes. Each individual member of the Classes may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's

FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL
10

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## CAUSES OF ACTION

### COUNT I
### Violation of the California Invasion of Privacy Act, Cal. Penal Code § 631(a)

54. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

55. Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

56. CIPA § 631(a) imposes liability for "distinct and mutually independent patterns of conduct." *Tavernetti v. Superior Ct.,* 22 Cal. 3d 187, 192 (1978).

57. To establish liability under CIPA § 631(a), a plaintiff need only establish that the defendant, "by means of any machine, instrument, contrivance, or in any other manner," does any of the following:

> Intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system,
>
> *Or*
>
> Willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within this state,
>
> *Or*
>
> Uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained,
>
> *Or*
>
> Aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section.

FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

11

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

58. Amazon's Amazon Connect product is a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct at issue here.

59. Amazon is a "separate legal entity that offers 'software-as-a-service' and not merely a passive device." *Saleh v. Nike, Inc.,* 562 F. Supp. 3d 503, 520 (C.D. Cal. 2021). Accordingly, Amazon was a third party to any communication between Plaintiff and members of the Classes, on the one hand, and any entity Plaintiff and members of the Classes were communicating with, such as Capital One, on the other. *Id.* at 521; *see also Javier v. Assurance IQ, LLC*, 2023 WL 114225, at *6 (N.D. Cal. Jan. 5, 2023).

60. At all relevant times, by using Amazon Connect features that capture and analyze conversations, Amazon intentionally tapped, electrically or otherwise, the lines of telephone communication between Plaintiff and Class Members, on the one hand, and the entities with whom Plaintiff and Class Members were communicating, on the other hand.

61. At all relevant times, by using Amazon Connect features that capture and analyze conversations , Amazon willfully and without the consent of all parties to the communication, or in any unauthorized manner, read or attempted to read or learn the contents or meaning of electronic communications of Plaintiff and members of the Classes, while the electronic communications were in transit or passing over any wire, line or cable or were being sent from or received at any place within California.

62. At all relevant times, by using Amazon Connect features that capture and analyze conversations, Amazon used the content of Plaintiff's and members of the Classes' communications to analyze Plaintiff's and members of the Classes' voices for emotion, and that content was illegally obtained in violation of the other, aforementioned prongs of CIPA § 631(a).

63. Plaintiff and members of the Classes did not consent to any of Defendant's actions discussed above. Nor have Plaintiff or members of the Classes consented to Defendant's intentional access, interception, reading, learning, recording, collection, and analysis of Plaintiff and members of the Classes' communications.

64. The violation of CIPA § 631(a) constitutes an invasion of privacy sufficient to confer Article III standing.

FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

12

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

65. Pursuant to Cal. Penal Code § 637.2, Plaintiff and Members of the Classes have been injured by the violations of CIPA § 631(a), and each seeks statutory damages of $5,000 for each of Amazon's violations of CIPA § 631(a).

## COUNT II
### Violation of the California Invasion of Privacy Act, Cal. Penal Code § 632

66. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

67. Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

68. CIPA § 632(a) prohibits an entity from:

> [I]ntentionally and without the consent of all parties to a confidential communication, use[] an electronic amplifying or recording device to eavesdrop upon or record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio.

69. Amazon's Amazon Connect product is an "electronic amplifying or recording device."

70. At all relevant times, the communications between Plaintiff and the Classes, on the one hand, and Capital One, on the other, were confidential.

71. At all relevant times, Amazon intentionally used Amazon Connect to eavesdrop upon and record the confidential communications of Plaintiff and Members of the Classes, on the one hand, and Capital One, on the other.

72. When communicating with Capital One, Plaintiff and Members of the Classes had an objectively reasonable expectation of privacy. Plaintiff and the Classes did not reasonably expect that anyone other than Capital One would be on the line, and that a third-party entity, Amazon, would intentionally use an electronic amplifying or recording device to eavesdrop upon and record the confidential communications of Plaintiff and Classes.

FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

13

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

73. Plaintiff and members of the Classes did not consent to any of Amazon's actions. Nor have Plaintiff or members of the Classes consented to Amazon's intentional use of an electronic amplifying or recording device to eavesdrop upon and record their confidential communications.

74. The violation of CIPA § 632(a) constitutes an invasion of privacy sufficient to confer Article III standing.

75. Pursuant to Cal. Penal Code § 637.2, Plaintiff and members of the Classes have been injured by the violations of CIPA § 632(a), and each seeks statutory damages of $5,000 for each of Amazon's violations of CIPA § 632(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendant:

(a) For an order certifying the Classes under Fed. R. Civ. P. 23, naming Plaintiff as the representative of the Classes, and naming Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an order declaring that Defendant's conduct violates the statutes referenced herein;

(c) For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(d) For statutory damages of $5,000 for each violation of CIPA §§ 631(a) and 632(a), and $1,000 for each violation of CIPA § 637.3;

(e) For pre-and post-judgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief; and

(g) For an order awarding Plaintiff and the Classes their reasonable attorney's fees and expenses and costs of suit.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues so triable.

FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

14

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

| | | |
|---|---|---|
| 1 | Dated: June 15, 2023 | Respectfully submitted, |
| 2 | | **CARSON NOEL PLLC** |
| 3 | | By: */s/ Wright A. Noel* |
| | | Wright A. Noel |

Wright A. Noel (WSBA #25264)
20 Sixth Avenue NE
Issaquah, WA 98027
Telephone: (425) 837.4717
Email: wright@carsonnoel.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (*pro hac vice* app. forthcoming)
Max S. Roberts (*pro hac vice* app. forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-mail: jmarchese@bursor.com
    mroberts@bursor.com

**BURSOR & FISHER, P.A**.
Neal J. Deckant (*pro hac vice* app. forthcoming)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com

*Attorneys for Plaintiff*

FIRST AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

15

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717  •  Fax: (425) 837-5396