THE HONORABLE TANA LIN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| ANDREA GLADSTONE, individually and on behalf of all others similarly situated,<br><br>                                              Plaintiff,<br>      v.<br><br>AMAZON WEB SERVICES, INC.,<br><br>                                              Defendant. | Case No. 2:23-cv-00491-TL<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

SECOND AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

1   Plaintiff Andrea Gladstone ("Plaintiff") brings this action on behalf of herself and all others

2   similarly situated, against Defendant Amazon Web Services, Inc. ("Amazon" or "Defendant").

3   **NATURE OF THE ACTION**

4   1.      Capital One Financial Corporation ("Capital One") has integrated a voice security

5   solution provided by Defendant called Amazon Connect.  Amazon Connect is a "machine-learning

6   powered contact center service" for use in customer service departments, among others.[1]  Amazon

7   Connect "us[es] the power of machine learning…[to] provide built-in capabilities"[2] that help

8   service agents assisting callers "provide personalized service," the ability to "track and manage

9   customer issues,"[3] and "automatically search across connected repositories based on phrases and

10  questions [] customers ask."[4]

11  2.      Capital One uses Amazon Connect in its banking and fraud operations.[5]  For its

12  bank contact center channels, Capital One utilizes Amazon Connect to "help[] capture customer

13  intent and provide a[] … personalized customer experience."[6]

14  3.      Capital One utilizes Amazon Connect to manage, and thus monitor, the telephone

15  lines that its banking customers in California and across the nation call to, among other things,

16  receive support (the "Customer Support Center").[7]

17  4.      By virtue of providing the Amazon Connect service, however, Defendant also

18  records, accesses, reads, and learns the contents of conversations between Californians and Capital

19  One customer service representatives.  And, crucially,  Defendant never procured the prior consent,

20  express or otherwise, of any person who interacted with Capital One's Customer Support Center,

21  prior to recording, accessing, reading, and learning the contents of conversations between

22  Californians and Capital One customer service representatives.

---

[1] https://amer.resources.awscloud.com/contact-center/aws-amazon-connect-voiceid

[2] https://amer.resources.awscloud.com/contact-center/aws-connect-machine-learning

[3] https://aws.amazon.com/connect/

[4] https://amer.resources.awscloud.com/contact-center/aws-connect-machine-learning

[5] https://aws.amazon.com/solutions/case-studies/capital-one-amazon-connect/

[6] *Id.*

[7] *Id.*

---

SECOND AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

5.      Through its use of Amazon Connect, Defendant has failed to comply with multiple provisions of the California Invasion of Privacy Act ("CIPA"), including CIPA §§ 631 and 632.

6.      Plaintiff brings this action to prevent Defendant from further violating the privacy rights of California residents, and to recover statutory damages for Defendant having recorded, accessed, read, and learned the contents of conversations between Californians and Capital One customer service representatives without procuring prior consent, in contravention of CIPA.

## PARTIES

7.      Plaintiff Andrea Gladstone is a citizen of California and resident of Los Angeles County, California.  Ms. Gladstone was in California when she called the Customer Support Center.

8.      Defendant Amazon Web Services, Inc. is a Delaware limited liability company with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.  Amazon provides a contact center service called "Amazon Connect" with features that record and analyze callers' voice and conversations, which is at issue here and described more fully below.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a class action where there are more than 100 members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one member of the putative Class is a citizen of a state different from Defendant.

10.     This Court has general personal jurisdiction over Defendant because Defendant's principal place of business is in Washington.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is a resident of this District.

## FACTUAL ALLEGATIONS

I.      **The California Invasion of Privacy Act**

12.     The California Legislature enacted the Invasion of Privacy Act to protect certain privacy rights of California citizens.  The legislature expressly recognized that "the development of new devices and techniques for the purpose of eavesdropping upon private communications … has

SECOND AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

1  created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free

2  and civilized society."  Cal. Penal Code § 630.

3         13.     The California Supreme Court has repeatedly stated the "express objective" of

4  CIPA is to "protect a person placing or receiving a call from a situation where the person on the

5  other end of the line *permits an outsider to tap his telephone or listen in on the call*."  *Ribas v.*

6  *Clark*, 38 Cal. 3d 355, 364 (1985) (emphasis added); *see also Smith v. LoanMe, Inc.*, 11 Cal. 5th

7  183, 200 (2021) (explaining that "a substantial distinction has been recognized between the

8  secondhand repetition of the contents of a conversation and *its simultaneous dissemination to an*

9  *unannounced second auditor*, whether that auditor be a person or mechanical device.").

10         14.     As part of CIPA, the California Legislature introduced § 631(a), which prohibits any

11  person or entity from (i) "intentionally tap[ping], or mak[ing] any unauthorized connection … with

12  any telegraph or telephone wire," (ii) "willfully and without the consent of all parties to the

13  communication … read[ing], or attempt[ing] to read, or to learn the contents or meaning of any …

14  communication while the same is in transit or passing over any wire, line, or cable, or is being sent

15  from, or received at any place within [California]," or (iii) "us[ing], or attempt[ing] to use … any

16  information so obtained."  CIPA § 631(a) also penalizes those who "aids, agrees with, employs, or

17  conspires with any person" who conducts the aforementioned wiretapping.

18         15.     The California Legislature also enacted CIPA § 632(a), which prohibits any person

19  or entity from "intentionally and without the consent of all parties to a confidential communication,

20  us[ing] an electronic amplifying or recording device to eavesdrop upon or record [a] confidential

21  communication."

22         16.     Individuals may bring an action against the violator of CIPA §§ 631 and 632 for

23  $5,000 per violation.  Cal. Penal Code § 637.3.

24  **II.**      **Defendant Violates the California Invasion of Privacy Act**

25         17.     As a video on Defendant's website describes, Amazon Connect is a "cloud contact

26  center that helps you anticipate and exceed your customers' needs."[8]  Amazon Connect does this

27

28  _____

[8] https://aws.amazon.com/connect/.

---

SECOND AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

by "tap[ping] into advanced AI and ML capabilities, delivering superior customer experiences and improving outcomes for your business and contact center," including "personalized service," and "quick access to information and automatic recommendations."[9]

18.     A number of features of Amazon Connect use machine learning to "provide[] a set of conversational analytics and quality management capabilities…that helps [entities] understand and classify the sentiment, trends, and compliance" of conversations[10] during calls.

19.     The call analytics can be used to "automatically categorize contacts based on uttered keywords and phrases," "investigate customer sentiment," "search call and chat transcripts," "monitor agent performance in real-time," and "define and assess" agent adherence to required scripts.[11]

20.     For instance, when the Contact Lens feature is enabled, entities are able to search the analyzed and transcribed recordings based on the speaker, any keywords, sentiment score, non-talk time for calls, and response time for chats.[12]  Contact Lens analyzes the sentiment of each speaker turn in a conversation as positive, negative or neutral.[13]  To assign a sentiment score, two factors are considered: the number of times the sentiment is positive, negative or neutral, and the consecutive turns with the same sentiment.[14]

21.     Amazon Connect also provides

> self-service tools and intelligent automation, such as natural language chatbots, interactive voice response (IVR), and automated customer voice authentication. Amazon Connect provides a seamless omnichannel experience for agents and managers for voice, chat, and task management to ensure customers are routed with their conversation's full context or work across applications when switching channels. Once Amazon Connect has identified the customer's needs, skills-based routing matches them with the best available agent most likely to resolve their issue. Amazon Connect has

---

[9] *Id.*

[10] https://aws.amazon.com/connect/contact-lens/

[11] https://docs.aws.amazon.com/connect/latest/adminguide/contact-lens.html

[12] https://docs.aws.amazon.com/connect/latest/adminguide/search-conversations.html)

[13] https://docs.aws.amazon.com/connect/latest/adminguide/sentiment-scores.html)

[14] *Id.*

SECOND AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717  •  Fax: (425) 837-5396

the automation capabilities you need to improve efficiency and reduce agent time spent performing repetitive functions.[15]

22.     In addition, Amazon Connect can integrate with the Salesforce Service Cloud Voice, whereby "[a]gents use an intuitive softphone that uses the power of Amazon Connect, including real-time call transcription, to better serve your customers."[16]

23.     Further, Amazon Connect "log[s] behavior, set[s] text-to-speech language and voice, captur[es] customer inputs (spoken or by pressing 0-9 on the phone keypad), play[s] prompts, and transfer[s] a customer to a queue."[17]

24.     Moreover, Amazon Connect can be used to create follow up tasks for customer service agents, help make recommendations to customers, and compile user data for ease of use:



25.     When Amazon Connect is used on a telephone conversation, it is not like a tape recorder, or a "tool" used by one party to record the other.  Instead, Amazon Connect involves Amazon – a separate and distinct third-party entity from the parties to the conversation – using Amazon Connect to eavesdrop upon and record a conversation to which it is not a party.  This is so

---

[15] https://aws.amazon.com/connect/features/#IVR.2C_chatbots.2C_and_contact_center_automation.

[16] https://aws.amazon.com/connect/features/

[17] *Id.*

SECOND AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

**Carson Noel PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

5

because Amazon itself is collecting the content of any conversation before said data is provided to any entity that was a party to the conversation (like Capital One).  Amazon also needs access to the data in order to service customers like Capital One, such as through "skills-based routing" of customers to various agents or to help customer service agents make recommendations.  Amazon thus also has the capability to analyze any data it collects through its Amazon Connect platform (and, in fact, does analyze data it collects in this manner, *i.e.*, by determining the agent best suited to meet a customer's needs).

26.    Indeed, diagrams on Amazon's website make clear that when an agent is listening to a conversation, Amazon is also listening simultaneously through Amazon Connect:



27.    Similarly, another video presentation on Amazon's website includes a flow chart representative of calls with customer service agents.[18]  As the flow chart displays, customers can enable Amazon to "record" and "analyze" calls before a call even begins, such that once a call starts, the recording and analyze is done contemporaneously with the conversation:

---

[18] https://amer.resources.awscloud.com/contact-center/aws-amazon-connect-voiceid.

SECOND AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

**Carson Noel PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717  •  Fax: (425) 837-5396



28.     Likewise, once the call has completed, Amazon provides the recording and transcription of the call (and can provide details like customer sentiment analysis and customer vs. agent talk time), which likewise illustrates that Amazon must have access to the contents of a communication in order to provide these features:



29.     Amazon further cements that it has the capability to use the contents of conversations it collects through Amazon Connect in its AWS Service Terms, which are applicable

SECOND AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

7

**Carson Noel PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

to all services Defendant provides (like Amazon Connect).  For instance, Amazon can use "use information about how [customers] use and interact with the Services to improve those Services."[19] The terms also note that customers can "request that Amazon Connect record an applicable audio session along with chat and other types of recordings."[20]  Further, by using "Amazon Connect [Machine Learning] Content," customers agree that Amazon:

> may use and store Amazon Connect ML Content to maintain and provide Amazon Connect ML Services (including development and improvement of Amazon Connect ML Services and their underlying technologies); (ii) we may use and store Amazon Connect ML Content that is not personal data to develop and improve AWS and affiliate machine-learning and artificial intelligence technologies; and (iii) solely in connection with the development and improvement described in clauses (i) and (ii), we may store your Amazon Connect ML Content in AWS regions outside the AWS regions where you are using Amazon Connect ML Services.[21]

30.     Amazon Connect is used on calls between Capital One and consumers, through which Amazon records, gains access to, and otherwise reads, attempts to read, or learns the contents of conversations between Capital One and consumers.  Amazon then has the capability to analyze the contents of conversations it collects.

31.     During consumers' calls with Capital One's support center, Capital One fails to inform consumers, prior to any recording: (i) that third party, Amazon, is listening in on consumers' confidential communications with Capital One, (ii) that third party, Amazon, is tapping or otherwise making an unauthorized connection with the consumer's telephone conversation using Amazon Connect, and (iii) that the content of consumers' confidential communications with Capital One are being recorded, collected, intercepted, and analyzed by third party, Amazon, using Amazon Connect.

32.     Capital One, likewise, fails to pursue or obtain prior consent, express or otherwise, from Customer Support Center callers, prior to allowing Amazon to record, examine, intercept, collect, and analyze the content of consumers' confidential conversations with Capital One.

---

[19] https://aws.amazon.com/service-terms/, at ¶ 1.20.

[20] *Id.*, at ¶ 54.5.

[21] *Id.*, at ¶ 54.7(a).

SECOND AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717  •  Fax: (425) 837-5396

8

33.     The Amazon Connect service was designed to record in real-time confidential phone conversations, and was designed to have the capability to analyze the same.  As such, when Amazon provided the Amazon Connect service to Capital One, it was Amazon's intention to record the confidential communications of Capital One's customers.

34.     Therefore, Defendant's conduct violates the rights of consumers set forth by CIPA §§ 631 and 632.

**III.     Plaintiff Gladstone's Experience**

35.     Plaintiff Gladstone is a customer of Capital One.

36.     Plaintiff Gladstone placed several calls to Capital One's Customer Support Center within the past year.

37.     Plaintiff Gladstone was in California when she made calls to Capital One's Customer Support Center.  Accordingly, Plaintiff Gladstone's calls were intercepted by Amazon, as described below, while the calls were "being sent from … any place within [California]."  Cal. Penal Code § 631(a).

38.     Plaintiff Gladstone reasonably expected her conversations with Capital One to be confidential and only between Plaintiff Gladstone and Capital One (and any entities that Capital One directed her inquiry too).  These conversations were with a banking entity, which naturally involves the discussion of confidential information, and Plaintiff Gladstone spoke to Capital One on her personal telephone and not in the direct presence of others.

39.     During one call with Capital One in or about October 2022, Plaintiff Gladstone called the Capital One main customer service line to inquire as to how to transfer funds from one account to another and to obtain a trust certification form.

40.     In another call around October 2022, Plaintiff Gladstone contacted Capital One's support center using the phone number on the back of her Visa credit card issued by Capital One to initiate a partial refund using her travel insurance, for a trip she was unable to take because of an injury.

41.     In another call around approximately March 2022, Plaintiff Gladstone called Capital One's main customer service line to inquire about an electronic transfer.

SECOND AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

42.     During these calls with Capital One, Plaintiff Gladstone was asked to make various "yes" or "no" statements to respond to questions Capital One asked her, or to otherwise provide additional information to Capital One.

43.     Unbeknownst to her, when Plaintiff Gladstone called Capital One's customer support center, her telephone conversation was captured, recorded, accessed, and read by Amazon through the Amazon Connect service, which provided Amazon with the capability to analyze the contents of Plaintiff Gladstone's conversations' with Capital One as outlined above.  This interception occurred as Plaintiff Gladstone was on the phone with Capital One (*i.e.*, in transit).

44.     Capital One did not procure Plaintiff Gladstone's consent, prior to Amazon tapping Plaintiff Gladstone's phone or wiretapping her confidential communications with Capital One.

45.     Plaintiff Gladstone did not give her prior consent, express or otherwise, to Defendant to allow Amazon to wiretap her confidential communications with Capital One.

46.     Plaintiff Gladstone has, therefore, had her privacy severely invaded and exposed to the risks and harmful conditions created by Defendant's violations of CIPA alleged herein.

## **CLASS ALLEGATIONS**

47.     Plaintiff seeks to represent a class defined as all residents of the State of California who had the contents of their conversations recorded by Amazon using Amazon Connect (the "Class").

48.     Plaintiff also seeks to represent a subclass defined as all residents of the State of California who had the contents of their conversations with Capital One recorded by Amazon using Amazon Connect (the "Subclass").

49.     The Class and Subclass shall be collectively referred to as the "Classes."

50.     The following people are excluded from the Classes: (1) any Judge presiding over this action and members of the Judge's family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest (including current and former employees, officers, or directors); (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and

SECOND AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

10

1    Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such

2    excluded persons.

3        51.    **Numerosity:** The number of persons within the Classes are substantial and believed

4    to amount to thousands, if not millions of persons.  It is, therefore, impractical to join each member

5    of the Classes as a named plaintiff.  Further, the size and relatively modest value of the claims of

6    the individual members of the Classes renders joinder impractical.  Accordingly, utilization of the

7    class action mechanism is the most economically feasible means of determining and adjudicating

8    the merits of this litigation.  Moreover, the Classes are ascertainable and identifiable from

9    Defendant's records.

10       52.    **Commonality and Predominance:**  There are well-defined common questions of

11   fact and law that exist as to all members of the Classes and that predominate over any questions

12   affecting only individual members of the Classes.  These common legal and factual questions,

13   which do not vary between members of the Classes, and which may be determined without

14   reference to the individual circumstances of any Class members, include, but are not limited to, the

15   following:

16           (a)     Whether Defendant violated CIPA §§ 631 and 632;

17           (b)     Whether Defendant sought or obtained prior consent, express or
18                   otherwise—from Plaintiff and the Class; and

19           (c)     Whether Plaintiff and members of the Classes are entitled to actual
20                   and/or statutory damages for the aforementioned violations.

21       53.    **Typicality:**  The claims of the named Plaintiff are typical of the claims of the

22   Classes because the named Plaintiff, like all other members of the Classes, called Capital One's

23   Customer Support Center and had the content of her confidential communications with Capital One

24   recorded, stored, collected, read, analyzed, and/or examined by Amazon.

25       54.    **Adequate Representation:**  Plaintiff is an adequate representative of the Classes

26   because her interests do not conflict with the interest of the Class members she seeks to represent,

27   she has retained competent counsel experienced in prosecuting class actions, and she intends to

28

SECOND AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL
11

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

prosecute this action vigorously.  The interest of members of the Classes will be fairly and adequately protected by Plaintiff and her counsel.

55.     **Superiority:** The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of members of the Classes.  Each individual member of the Classes may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**CAUSES OF ACTION**

**COUNT I**
**Violation of the California Invasion of Privacy Act,**
**Cal. Penal Code § 631(a)**

56.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

57.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

58.     CIPA § 631(a) imposes liability for "distinct and mutually independent patterns of conduct." *Tavernetti v. Superior Ct.,* 22 Cal. 3d 187, 192 (1978).

59.     To establish liability under CIPA § 631(a), a plaintiff need only establish that the defendant, "by means of any machine, instrument, contrivance, or in any other manner," does any of the following:

> Intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including

SECOND AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

12

**Carson Noel PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

1  the wire, line, cable, or instrument of any internal telephonic
2  communication system,

3  *Or*

4  Willfully and without the consent of all parties to the communication,
   or in any unauthorized manner, reads or attempts to read or learn the
5  contents or meaning of any message, report, or communication while
   the same is in transit or passing over any wire, line or cable or is being
6  sent from or received at any place within this state,

7  *Or*

8  Uses, or attempts to use, in any manner, or for any purpose, or to
   communicate in any way, any information so obtained,

9  *Or*

10  Aids, agrees with, employs, or conspires with any person or persons
    to unlawfully do, or permit, or cause to be done any of the acts or
11  things mentioned above in this section.

12         60.    Amazon's Amazon Connect product is a "machine, instrument, contrivance, or …

13  other manner" used to engage in the prohibited conduct at issue here.

14         61.    Amazon is a "separate legal entity that offers 'software-as-a-service' and not merely

15  a passive device."  *Saleh v. Nike, Inc.,* 562 F. Supp. 3d 503, 520 (C.D. Cal. 2021).  Accordingly,

16  Amazon was a third party to any communication between Plaintiff and members of the Classes, on

17  the one hand, and any entity Plaintiff and members of the Classes were communicating with, such

18  as Capital One, on the other.  *Id.* at 521; *see also Javier v. Assurance IQ, LLC,* 2023 WL 114225,

19  at *6 (N.D. Cal. Jan. 5, 2023).

20         62.    At all relevant times, through Amazon Connect, Amazon intentionally tapped,

21  electrically or otherwise, the lines of telephone communication between Plaintiff and members of

22  the Classes, on the one hand, and the entities with whom Plaintiff and members of the Classes were

23  communicating, on the other hand.

24         63.    At all relevant times, through Amazon Connect, Amazon willfully and without the

25  consent of all parties to the communication, or in any unauthorized manner, read or attempted to

26  read or learn the contents or meaning of electronic communications of Plaintiff and members of the

27  Classes, while the electronic communications were in transit or passing over any wire, line or cable

28  or were being sent from or received at any place within California.

SECOND AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

13

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717  •  Fax: (425) 837-5396

64.     At all relevant times, through Amazon Connect, Amazon had the capability to analyze the content of Plaintiff's and members of the Classes' communications.

65.     Plaintiff and members of the Classes did not consent to any of Defendant's actions discussed above.  Nor have Plaintiff or members of the Classes consented to Defendant's intentional access, interception, reading, learning, recording, collection, and analysis of Plaintiff and members of the Classes' communications.

66.     The violation of CIPA § 631(a) constitutes an invasion of privacy sufficient to confer Article III standing.

67.     Pursuant to Cal. Penal Code § 637.2, Plaintiff and members of the Classes have been injured by the violations of CIPA § 631(a), and each seeks statutory damages of $5,000 for each of Amazon's violations of CIPA § 631(a).

## COUNT II
### Violation of the California Invasion of Privacy Act,
### Cal. Penal Code § 632

68.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

69.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendant.

70.     CIPA § 632(a) prohibits an entity from:

> [I]ntentionally and without the consent of all parties to a confidential communication, use[] an electronic amplifying or recording device to eavesdrop upon or record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio.

71.     Amazon's Amazon Connect product is an "electronic amplifying or recording device."

72.     At all relevant times, the communications between Plaintiff and the Classes, on the one hand, and Capital One, on the other, were confidential.

SECOND AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

14

73.    At all relevant times, Amazon intentionally used Amazon Connect to eavesdrop upon and record the confidential communications of Plaintiff and Members of the Classes, on the one hand, and Capital One, on the other.

74.    When communicating with Capital One, Plaintiff and Members of the Classes had an objectively reasonable expectation of privacy.  Plaintiff and the Classes did not reasonably expect that anyone other than Capital One would be on the line, and that a third-party entity, Amazon, would intentionally use an electronic amplifying or recording device to eavesdrop upon and record the confidential communications of Plaintiff and Classes.

75.    Plaintiff and members of the Classes did not consent to any of Amazon's actions. Nor have Plaintiff or members of the Classes consented to Amazon's intentional use of an electronic amplifying or recording device to eavesdrop upon and record their confidential communications.

76.    The violation of CIPA § 632(a) constitutes an invasion of privacy sufficient to confer Article III standing.

77.    Pursuant to Cal. Penal Code § 637.2, Plaintiff and members of the Classes have been injured by the violations of CIPA § 632(a), and each seeks statutory damages of $5,000 for each of Amazon's violations of CIPA § 632(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendant:

(a)    For an order certifying the Classes under Fed. R. Civ. P. 23, naming Plaintiff as the representative of the Classes, and naming Plaintiff's attorneys as Class Counsel to represent the Classes;

(b)    For an order declaring that Defendant's conduct violates the statutes referenced herein;

(c)    For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(d)    For statutory damages of $5,000 for each violation of CIPA §§ 631(a) and 632(a);

(e)    For pre-and post-judgment interest on all amounts awarded;

SECOND AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

15

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717 • Fax: (425) 837-5396

1

     (f)     For an order of restitution and all other forms of equitable monetary relief; and

2

     (g)     For an order awarding Plaintiff and the Classes their reasonable attorney's fees and expenses and costs of suit.

3

4

## JURY DEMAND

5

     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any

6

and all issues so triable.

7

Dated: September 7, 2023              Respectfully submitted,

8

**CARSON NOEL PLLC**

9

By: */s/ Wright A. Noel*
         Wright A. Noel

10

11

Wright A. Noel (WSBA #25264)
20 Sixth Avenue NE
Issaquah, WA 98027
Telephone: (425) 837.4717
Email: wright@carsonnoel.com

12

13

14

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (*pro hac vice* app. forthcoming)

15

Max S. Roberts (*pro hac vice* app. forthcoming)
1330 Avenue of the Americas, 32nd Floor

16

New York, NY 10019
Telephone: (646) 837-7150

17

Facsimile:  (212) 989-9163
E-mail: jmarchese@bursor.com

18

          mroberts@bursor.com

19

**BURSOR & FISHER, P.A**.

20

Neal J. Deckant (*pro hac vice* app. forthcoming)
1990 North California Blvd., Suite 940

21

Walnut Creek, CA 94596

22

Telephone: (925) 300-4455
Facsimile: (925) 407-2700

23

E-mail: ndeckant@bursor.com

24

*Attorneys for Plaintiff*

25

26

27

28

SECOND AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
CASE NO. 2:23-CV-00491-TL

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel: (425) 837-4717  •  Fax: (425) 837-5396